## JORDAHL et ux. v. IRVING TRUST CO., et al.

### No. 5189.

Circuit Court of Appeals, Third Circuit.
Dec. 19, 1933.

On Rehearing July 6, 1934.

974

McCarter & English, of Newark, N. J., and Wm. Cattron Rigby, of Washington, D. C. (Arthur F. Egner, of Newark, N. J., and James R. Ozias, of Newark, N. J., of counsel), for appellants.

Emanuel Weitz, of Jersey City, N. J., for appellee Irving Trust Co.

Wall, Haight, Carey & Hartpence, all of Jersey City, N. J. (Albert C. Wall, of Jersey City, N. J., and E. W. Debevoise, of New York City, of counsel), for appellee Greenbaum.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the ancillary jurisdiction of the District Court for the state of New Jersey was invoked by the Irving Trust Company, trustee in the original bankruptcy proceeding of the International Match Corporation in the Southern District of New York. On its petition and on proofs by affidavits, the court below, after hearing all parties concerned, ordered an examination of a safe deposit box held in the name of Anders Jordahl and his wife in a trust company in New Jersey. From such order, the Jordahls appealed.

The case has none of the features of the ordinary search warrant case. No residence is involved, and there is no effort to get incriminating evidence. It is simply an attempt of a court, through its trustee, temporarily retaining possession of property within its jurisdiction alleged to belong to a bankrupt estate. The Jordahls lived in New York and, for some reason they have not revealed, saw fit to move the contents of the box from the Southern District of New York over to New Jersey. Their actions and their close connection with Kreuger and the affairs of the International Match Corporation, the bankrupt, give weight to the belief that they are seeking to prevent the District Court in New York from collecting the bankrupt's property. The court below has carefully safeguarded their rights. The lock box is to be opened in the presence of the parties and under the supervision of an officer of the court. Such examination will enable the judge in the bankruptcy proceeding to determine whether the contents of the box, removed from the territorial jurisdiction of the New York court, is properly involved in the due administration of a bankrupt's estate. The appellants have themselves created such an atmosphere of suspicion as to the contents of their box as makes it not only advisable, but indeed necessary, for the New Jersey court to know what it is doing before it allows the contents of the safe deposit box to be again removed to some other state or to Canada where Mrs. Jordahl is now sojourning. Courts cannot close their eyes to the fact that the modern safe deposit box affords an effective means by which property, money, securities, etc., may be secreted. No possible harm or violation of these appellants' constitutional rights can result from the judge's careful order, which is accordingly affirmed.

On Rehearing.

After rehearing and due consideration had, we see no reason to change the decision already reached.